**UNITED STATES DISTRICT COURT**
**FOR THE NOTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **Robert Sparks,**<br>    **Petitioner,**<br><br>*v.*<br><br>**Lorie Davis,**<br>    **Director, TDCJ.** | **3:12-CV-469-N** |

## MOTION FOR A STAY OF EXECUTION

In order to prevent the "unacceptable risk that persons with intellectual disability will be executed" Sparks moves for a stay of execution so that his court appointed counsel can adequately and effectively investigate and prepare his intellectual disability claim for presentation in subsequent state habeas proceedings and successive federal habeas proceedings. *Moore v. Texas*, 137 S. Ct. 1039, 1051 (2017).  This motion is filed to give meaningful effect to Sparks' pending motion for funding for a Neuropsychologist which has been on file since July 26, 2019.  Sparks is set to be executed on September 25, 2019.

Authority for this Court to stay the pending execution date comes from 28 U.S.C. § 2251 which states in relevant part:

1

(a) IN GENERAL.-(1) PENDING MATTERS.-A justice or judge of the United States before whom a habeas corpus proceeding is pending, may, before final judgment or after final judgment of discharge, or pending appeal, stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding.

(2) MATTER NOT PENDING.-For purposes of this section, a habeas corpus proceeding is not pending until the application is filed.

(3) APPLICATION FOR APPOINTMENT OF COUNSEL.-If a State prisoner sentenced to death applies for appointment of counsel pursuant to section 3599(a)(2) of title 18 in a court that would have jurisdiction to entertain a habeas corpus application regarding that sentence, that court may stay execution of the sentence of death, but such stay shall terminate not later than 90 days after counsel is appointed or the application for appointment of counsel is withdrawn or denied.

Pursuant to § 2251(a)(1) this Court has jurisdiction to grant a stay because this court previously issued a final judgment in Sparks' habeas proceedings. *See* Doc. no. 62.

Further, although Sparks has federally appointed counsel, counsel have a pending funding motion under § 3599(a)(2) requesting the assistance of a neuropsychologist. Section 3599(a)(2)'s right to counsel clearly encompasses the assistance of a neuropsychologist in Sparks case as shown by the broad command that indigent capital defendant's "shall be entitled to the appointment of one or more attorneys and the furnishing of such other services . . ." reasonably necessary to their case. *Id.*

2

Of course, the Supreme Court had held that District Court's have the authority issues a stay as soon as a motion requesting the appointment of counsel has been filed. *McFarland v. Scott*, 512 U.S. 849 (1994). In *McFarland*, the Court held that the funding statute and stay statute "must be read *in pari materia* to provide that once a capital defendant invokes his right to appointed counsel, a federal court also has jurisdiction under § 2251 to enter a stay of execution. Because § 2251 expressly authorizes federal courts to stay state-court proceedings 'for any matter involved in the habeas corpus proceeding,' the exercise of this authority is not barred by the Anti-Injunction Act." *Id.* at 858.

The leading Fifth Circuit case supporting the issuance of a stay is *in re Hearn*, 376 F.3d 447 (5th Cir. 2004). In *Hearn,* the petitioner requested appointment of counsel to file a subsequent federal habeas petition based upon *Atkins v. Virginia. Id.*at 450. The petitioner also requested a stay of execution. *Id.* First, the Court in *Hearn* addressed the propriety of appointing counsel and resources to pursue a subsequent petition. The Court noted the relevant statutes, "[o]n their face, . . . grant indigent capital prisoners a mandatory right to qualified legal counsel and reasonably necessary legal services in all federal post-conviction proceedings. Needless to say, this is not language of limitation." *Id.*at 451. The Court noted that both attorneys and reasonably necessary services are just as important to preparing a successive petition as an initial petition: "It seems clear to us that the *McFarland* Court would

3

have been just as concerned with a capital prisoner in need of investigating a successive habeas petition, based on a claim previously unavailable to the prisoner, as it was with the capital prisoner seeking to file an initial petition." *Id.*at 452.

On facts similar to those presented by Sparks in his motion for funding, the Fifth Circuit decided Hearn had established the "modest evidentiary threshold" necessary for the appointment of counsel and related services. *Id.* at 455. The Court then moved onto to the propriety of granting a stay of execution when no habeas application was pending.   The Court held "[i]n accordance with the reasoning of *McFarland,* we find that a stay of execution is imperative to ensure the effective presentation of Hearn's application for authority to file his *Atkins* claim." *Id.*at 458. Along the same lines, a stay of execution is necessary to give this Court time to rule upon Sparks' funding motion and to allow development of the intellectual disability claim prior to filing habeas applications.

It should be noted that Sparks has at all times been diligent throughout the post-conviction process.   His initial round of habeas proceedings is still pending before the United States Supreme Court.   *Supreme Court Doc. no. 18-9227.* Immediately after his execution date was set Sparks submitted a stay of execution related to the pending petitioner for certiorari before the Supreme Court. *Id.* The Stay was submitted on July 17, 2019, and remains pending.   Next, not wanting to

present last minutes stays and petitions, Sparks moved this Court for the necessary assistance to present his intellectual disability claim to the state and federal courts.

Importantly, the intellectual disability claim was not previously available to Sparks.  In *Cathey v. Davis*, another intellectual disability case, the Fifth Circuit explained that claims "must have some possibility of merit to be considered available." 857 F.3d 221 (5th Cir. 2017).  The Court found that Cathy could not have previously presented his intellectual disability claim in state habeas (and therefore in federal habeas) because prior to *Moore v. Texas* the judicially created *Briseno* factors would have absolutely precluded relief to Cathy based upon his IQ scores slightly above the artificial 70 cut off previously in effect in Texas.  *Cathey's* holding was reaffirmed last week in *in re Johnson* where the Fifth Circuit once again pretermitted a successive habeas application on the grounds that *Moore* now made it possible for a petitioner to obtain relief which would previously have been impossible under the now verboten *Briseno* factors. 19-20552, 2019 WL 3814384 (5th Cir. Aug. 14, 2019), as revised (Aug. 15, 2019).

Likewise, this is the first chance that Sparks has had to present this claim to the state (and therefore federal) courts.  *Moore* was not released until Mar 28, 2017, and without *Moore*, a petitioner like Sparks would have no chance at obtaining habeas relief in Texas.  *Moore* was not available to Sparks when he filed his subsequent state writ on February 21, 2014, nor, for that matter, was *Hall v. Florida*,

572 U.S. 701 (2014), which was decided on May 27, 2014.  Indeed, Sparks' initial habeas proceedings were still working their way through the federal court system when the Respondent asked for an extension to file her reply in the Supreme Court on June 10, 2019, and then surprised Sparks by urging the Dallas County District Attorney to request an execution date a few days later.

For a Petitioner like Sparks, whose only well document IQ test comes in at 75, *Moore* was a necessary precursor to obtaining habeas release.  For example, prior to *Moore*, Texas Courts were permitted to discount "the lower end of the standard-error range associated with those scores." *Moore v. Texas*, 137 S. Ct. 1039, 1047 (2017).  Further, rather than focusing on the many adaptive deficits for a petitioner like Sparks, Texas would simply focus on the condemned inmates perceived strengths, "[b]ut the medical community focuses the adaptive-functioning inquiry on adaptive *deficits*." *Id.* at 1050.  Texas also required petitioners to prove that their deficits were not related to some other mental illness, which would have been hard for Sparks who also suffers from a psychotic disorder, depression, and antisocial personality disorder.  *See* Doc. 66, Appendix B, p. 17.  Now that Sparks initial federal habeas proceedings nearing the end, Sparks is looking ahead to timely file subsequent state and federal habeas petitions.

Without a stay of execution, it is likely that Texas will execute an intellectually disabled man.  Sparks ask for a stay of execution for at least 90 days

so that he can effectively present his intellectual disability claim to the state and federal courts.

Respectfully submitted,

/s/ Jonathan Landers
Jonathan Landers
TBN 24070101
917 Franklin, Ste. 300
Houston, Texas  77002
Tel. (713) 685-5000
Fax. (713) 513-5505

Seth Kretzer
TBN: 24043764
Law Offices of Seth Kretzer
440 Louisiana Street; Suite 1440
Houston, TX 77002
seth@kretzerfirm.com

[Tel.] (713) 775-3050
[Fax] (713) 929-2019

**ATTORNEYS FOR PETITIONER**

### CERTIFICATE OF CONFERENCE

On August 26, 2019, Ellen Stewart Klein, attorney for Lorie Davis, verified that she is opposed to this motion.

/s/ Jonathan Landers

7

**CERTIFICATE OF SERVICE**

A copy of this motion is being sent to Ellen Stewart Klein, Attorney for Lorie Davis, via the ECF system.

/s/ Jonathan Landers