IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT SPARKS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | No. 3:12-CV-469-N |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## ORDER DENYING PRO SE MOTION TO DISMISS COUNSEL

On July 25, 2019 (doc. 67), acting pro se, Petitioner Robert Sparks filed a motion requesting this court remove his two counsel of record because his attorneys had not engaged in all of the actions they had represented to him they would undertake in anticipation of his execution, currently scheduled for September 25, 2019. Specifically, Petitioner Sparks complains that (1) in June 2019 his lead counsel promised him he would pursue executive clemency (Sparks complains this was contrary to what the same attorney advised him in early 2019) and (2) his co-counsel advised him in July 2019 that his counsel would file a motion for a stay of execution premised upon mental disabilities and a request for an IQ test. Sparks requests that his current lead counsel and current co-counsel be removed and "file nothing else in my name."

This court denied Sparks' amended petition for federal habeas corpus relief on March 27, 2018 (doc. 61). *Sparks v. Davis*, 2018 WL 1509205 (N.D. Tex. Mar. 27, 2018). The Fifth Circuit subsequently denied Sparks' request for a certificate of appealability. *Sparks v. Davis*, 756 F. App'x 397 (5th Cir. Dec. 4, 2018). On May 10, 2019, Sparks filed a petition for writ of certiorari with the United States Supreme Court which is currently pending before that court as case no. 18-9227.

The standard for evaluating a motion for substitution of counsel in capital habeas actions is set forth in the Supreme Court's opinion in *Martel v. Clair*, 565 U.S. 648, 663 (2017), in which the district courts were directed to consider the timeliness of the motion, the adequacy of the petitioner's complaint (about his current counsel of record), and the asserted cause for that complaint, including the extent of the conflict or breakdown in communication between lawyer and client (and the client's own responsibility, if any, for that conflict). Since the filing of Sparks' pro se motion, his counsel of record filed a motion requesting federal funding for the services of a neuropsychologist to re-evaluate Sparks' intellectual functioning (doc. 66, filed July 26, 2019) and a motion for a stay of execution (doc. 70, filed August 26, 2019). In an Order issued August 27, 2019 (doc. 71), this court denied without prejudice Sparks' motion for federal funding for the services of a neuropsychologist and denied his motion for a stay of execution.

Sparks' pro se motion, filed approximately sixty days before his scheduled execution, is untimely. Sparks' certiorari petition is currently pending before the Supreme Court. It is extremely doubtful any counsel appointed at this juncture in this proceeding could familiarize herself with this case in sufficient time to adequately represent Sparks in connection with the impending September 25, 2019 execution. The second reason Sparks gave in his pro se motion for removing his current counsel appears to have been rendered moot by the filing (and denial on the merits by this court) of the very motions Sparks complained had not been filed on his behalf.

Sparks' initial complaint with his current counsel focuses on his counsels' alleged failure to communicate changes in their strategic and tactical intentions. Strategies and tactics are fluid matters, however. That Sparks' counsel altered their strategic or tactical course between early 2019 and July 2019 without first informing Sparks does not establish that an irreconcilable conflict exists between Sparks and his current counsel. Unlike the situation the Supreme Court

confronted in *Martel v. Clair*, Sparks does not allege any facts showing his current counsel refused to investigate newly located physical evidence that might have supported a *Brady* claim, a claim of ineffective assistance by his trial counsel, or an actual innocence claim.

On the contrary, as explained in this court's Order issued August 27, 2019, Sparks' recent motions for stay of execution and for federal funding for expert services (the very motions Sparks indicates he wished to be filed on his behalf) were premised upon highly speculative assertions that a new neuropsychological evaluation might establish Sparks is intellectually disabled. Sparks' current counsel filed the very motions and sought the very relief Sparks argued in his motion for removal that he wanted them to seek. Thus, Sparks has failed to identify a conflict between himself and his current counsel warranting removal of his current counsel on the eve of his execution.

Accordingly, Sparks' pro se motion seeking removal of his current federal habeas counsel is **DENIED** without prejudice.

SIGNED August 28, 2019.

_____
DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE

3